UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH MEYER AND COQUETTE MEYER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 15-2402** |
| **NEW ORLEANS CITY, ET AL.** | * | **SECTION "L" (1)** |

## ORDER AND REASONS

Pending before the Court is Defendant City of New Orleans' motion requesting (1) judgment on the pleadings and (2) dismissal for lack of subject matter jurisdiction. Rec. Doc. 45. Plaintiffs have not filed an opposition, and the submission date has passed. On May 23, 2018, the Court held a conference regarding the status of the case, in which Plaintiffs represented that they do not contest Defendant's motion regarding jurisdiction. Having considered the City's motion, the record, and the applicable laws, the Court now issues this Order and Reasons.

**I.   BACKGROUND**

This action generally arises out of a dispute among private Louisiana citizens over a boat slip. Plaintiffs, nevertheless, have filed this action in federal court under 28 U.S.C. § 1331, arguing that the City of New Orleans ("City") and New Orleans Police Department ("NOPD") are liable under 42 U.S.C. § 1983 for its on-scene officers' conduct of allegedly depriving Plaintiffs of their constitutional rights to "due process, equal protection, and against illegal seizures, illegal arrest, false imprisonment, and cruel and unusual punishment." Rec. Doc. 1, ¶ 26.

The incident happened on July 2, 2014 at the marina in New Orleans, Louisiana. Rec. Doc. 45-1 at 1. Plaintiffs Joseph and Coquette Meyer claim that at the time of the incident, they had entered into a valid lease with *pro se* Defendant Troy Williams, who manages a store and restaurant adjacent to the marina. Rec. Doc. 43 at 6. Plaintiffs aver their lease granted them access to and

possession of a boat slip for docking their houseboat and other vessels, as well as electrical utilities. Rec. Doc. 43 at 6. On July 2, 2014, as the Meyers were preparing their vessels to depart from the leased slip, Defendants Williams, Paul McIntyre, and others allegedly approached the Meyers' vessels, ordered the Meyers to remove their vessels and equipment from the leased slip to clear the slip for Mr. McIntyre's vessels, and physically pushed Meyers' vessels away from the shore, causing the Meyers' vessels to drift into pilings. Rec. Doc. 43 at 7.

Soon thereafter, NOPD Officers Micheleen Scott and Terrance Hilliard—who are not named as defendants in this action—responded to a service call in response to the altercation. According to Plaintiffs, Defendant Williams, using his influence as a former NOPD officer, had several armed, uniformed NOPD officers threaten and assault Mr. Meyer. Rec. Doc. 43 at 7. The NOPD officers purportedly threatened and intimidated the Meyers, warning Plaintiffs not to interfere with the launching of Mr. McIntyre's vessel. Rec. Doc. 43 at 7. Mr. Meyer was eventually released from arrest and received a citation for disturbance of peace. *See* Rec. Doc. 1 at 6; Rec. Doc. 43 at 8. Williams, McIntyre, and the officers then allegedly instructed Plaintiffs to vacate the premises, along with their vessels. Rec. Doc. 43 at 8. Plaintiffs claim that they have sustained property damages, damages to Mr. Meyer's business enterprise, as well as violation of Plaintiffs' civil rights. Rec. Doc. 43 at 8; Rec. Doc. 45-1 at 2.

After the incident, Plaintiffs filed the instant litigation under 42 U.S.C. § 1983 against the City of New Orleans, alleging the City deprived them of their civil rights and claiming NOPD officers acted under color of state law; as well as claiming other Defendants breached the lease agreement with Plaintiffs for the boat slip and engaged in certain tortious conducts. Rec. Doc. 45-1 at 2.

Three years after the commencement of this lawsuit, the City has now filed the instant

motion for judgment on the pleadings and for lack of jurisdiction. This opinion addresses the City's arguments.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When analyzing a Rule 12(c) motion, the pleadings should be construed liberally, and a judgment on the pleadings is appropriate only if there are no material facts in dispute and questions of law are all that remain. *Brittan Commc'ns Int'l Corp. v. Southwestern Bell Telephone Co.*, 313 F.3d 899, 904 (5th Cir. 2002); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998); *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Wright & Miller, Federal Practice & Procedure § 1367).

A motion brought pursuant to Rule 12(c) is designed to dispose of cases when a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2000). In determining whether to grant a Rule 12(c) motion, a court "must look only to the pleadings and accept all allegations in them as true." *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999). However, when no evidence outside the pleadings is presented, the allegations in the answer are accepted as true only to the extent that they are not denied or do not conflict with the allegations in the complaint. *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1957). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Brittan*, 313 F.3d at 904 (internal quotations omitted). When a party moves for judgment on the pleadings on the ground that the non-moving

party has failed to state a claim, the standard for analyzing the pleadings is substantially the same as that which governs a motion to dismiss brought pursuant to Rule 12(b)(6). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 784-85 (N.D. Tex. 2000).

"[A] plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Additionally, "'legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Blackburn*, 42 F.3d at 931 (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

"The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)" except that the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in considering its subject matter jurisdiction over the cause(s) in the suit. *Williams v. Wynne*, 533 F.3d 360, 364-65 n. 2 (5th Cir. 2008). A district court may dismiss for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record;

or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

### III. DISCUSSION

#### A. Plaintiffs Lack a Valid § 1983 Claim

42 U.S.C. § 1983 provides a cause of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. Section 1983 is not itself a source of substantive rights, but merely provides a vehicle for a plaintiff to bring federal statutory or constitutional challenges to actions by state and local officials. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Instead, a municipality is liable only if the individual can establish that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he [or she] suffered." *Id.* at 694-95. To hold a public entity liable, a plaintiff must demonstrate that the unlawful governmental action was part of the public entity's policy or custom, and that there is a nexus between the specific policy or custom and the plaintiff's injury. *Monell*, 436 U.S. at 690-92, 694-95.

In this case, Plaintiffs have not identified, in their Complaint or elsewhere, any policy or custom of the City that led to a deprivation of either Plaintiff's constitutional rights.

Furthermore, Plaintiffs have not served or named as defendants any City officers who

5

intervened in the slip boat incident. And any claims against NOPD officers have now prescribed. Although federal law determines when section 1983 claims accrue, *see Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998), state law determines prescriptive periods, and Louisiana law subjects such claims to the one-year prescriptive period. *See* La. Civ. Code. Art. 3492; *see also Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989); *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985). The prescription period accrues when a plaintiff knows or has reason to know of the injury that forms the basis of his or her action. *See Jacobsen*, 133 F.3d at 319. For Plaintiffs, any claim against the on-scene officers should have been brought by July 2, 2015. It is now an uncontroverted fact that no NOPD officers are named as defendants in this lawsuit.

Accordingly, because Plaintiffs have neither challenged any custom or policy of the City that led to their alleged injuries, nor have Plaintiffs named as defendants any NOPD officers in this action, the Court finds that Plaintiffs have not stated any plausible claim against the City under § 1983. The City of New Orleans is thus dismissed as a defendant from this action.

**B.      This Court Has No Basis for Jurisdiction**

Two possibilities for jurisdiction exist in Article III courts: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Neither is present here.

*1.      Subject Matter Jurisdiction*

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A federal question exists when the plaintiff's factual allegations establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (internal quotation marks omitted).

As discussed above, Plaintiffs have failed to state a claim against the City under § 1983. And Plaintiffs' other claims in this litigation—*i.e.*, breach of contract and tortious conducts—arise under Louisiana state law. Accordingly, the Court lacks subject matter jurisdiction in this case.

    2.    *Diversity Jurisdiction*

Diversity jurisdiction exists only when there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

Here, it is undisputed that all parties in this action are Louisiana citizens. Accordingly, the Court finds that there is no basis for diversity jurisdiction.

## IV. CONCLUSION

Based on the aforementioned reasons, accordingly,

**IT IS ORDERED** that Defendant City of New Orleans' motion for judgment on the pleadings and motion to dismiss for lack of subject matter jurisdiction (Rec. Doc. 45) are hereby **GRANTED**. This case is therefore **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of May, 2018.

                                                      _____
                                                      **ELDON E. FALLON**
                                                      United States District Judge